UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE MAJESTIC STAR CASINO, LLC,  )<br>                                                          )<br>                   Plaintiff,            )<br>          vs.                                        )<br>                                                          )<br>HAMBLEDON N.V., et al.,             )<br>                                                          )<br>                   Defendants.       )<br>                                                          ) | Case No.: 2:10-cv-01974-GMN-RJJ<br><br>**ORDER** |

Pending before the Court is Plaintiff Majestic Star Casino, LLC's Motion for a Preliminary Injunction (ECF No. 12).  A hearing was held before the Court with regard to this Motion on November 23, 2010. (ECF No. 14.)  John L. Krieger, of the law firm Lewis and Roca, LLP, appeared on behalf of Plaintiff, but no appearance was made on behalf of Defendants.  Defendants have also failed to respond to the Motion.  Based on the oral arguments presented at the hearing and the papers before the Court, and with good cause appearing, this Court hereby finds and orders as follows:

   1.   This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338;

   2.   The Court has personal jurisdiction over Defendants because Defendants regularly conduct business in the State of Nevada, and Defendants committed acts that they knew or should have known would cause injury to Plaintiff in the State of Nevada;

   3.   On November 12, 2010, Plaintiff served Defendants with electronic copies of the Complaint, Emergency Motion for Ex Parte Temporary Restraining Order and Motion for Preliminary Injunction, Temporary Restraining

Order, Certificate of Interested Parties, and Order Setting Hearing on Ex Parte Motion by e-mailing those documents to dom@panamapros.com. This e-mail address is the one that Defendants provided to the domain registrar at the time they obtained the fitzgeraldslasvegas.net domain name;

4. On December 8, 2010, Plaintiff sent the Summonses, Complaint, Emergency Motion for Ex Parte Temporary Restraining Order and Motion for Preliminary Injunction, and Temporary Restraining Order to Defendants' last known address via registered international mail;

5. Defendants were also placed on constructive notice of the lawsuit when, in accordance with the Order on the Temporary Restraining Order (ECF No. 7), NamesDirect.com placed the fitzgeraldslasvegas.net domain name under the control of this Court and disabled the name servers linked to the registration on November 15, 2010;

6. These methods constituted notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afforded them the opportunity to present their objections. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950);

7. Plaintiff owns the "Fitzgeralds" name and logo and has registered them on the Principal Register of the United States Patent and Trademark Office;

8. Defendants have used Plaintiff's marks as part of their fitzgeraldslasvegas.net domain name without Plaintiff's authority or permission;

9. Plaintiff will suffer irreparable injury to its valuable trademarks and the associated goodwill if Defendants are not enjoined from transferring the fitzgeraldslasvegas.net domain name to other domain name registrars or

transferring registration of the domain names to other persons or entities;

10. Plaintiff will suffer irreparable injury to its valuable trademarks and associated goodwill if Defendants are not enjoined from owning or using domain names containing the "Fitzgeralds" marks;

11. Plaintiff is likely to succeed on the merits of its claims for cybersquatting under the Anticybersquatting Consumer Protection Act ("ACPA");

12. The balance of the hardships tips in favor of Plaintiff because issuance of the injunction would merely prevent Defendants from linking the fitzgeraldslasvegas.net domain name--which is nearly identical to Plaintiff's "Fitzgeralds" marks and website at fitzgeraldslasvegas.com--to active websites, and would transfer registration of the fitzgeraldslasvegas.net domain name to Plaintiff pending trial.  On the other hand, failure to issue the injunction would cause Plaintiff to continue to suffer loss of control over its goodwill and reputation, and would deprive Plaintiff of the opportunity to use domain names containing its trademarks;

13. Issuance of the preliminary injunction would be in the public interest because it would protect consumers against deception and confusion arising from the use of Plaintiff's trademarks by an entity other than Plaintiff;

IT IS THEREFORE ORDERED that:

A. Plaintiff's Motion for a Preliminary Injunction (ECF No. 12) is GRANTED.

B. Registration of the fitzgeraldslasvegas.net domain name shall be immediately transferred to Plaintiff.  The domain name registrar, NamesDirect.com, shall effectuate the transfer.

C. The hold and lock placed on the fitzgeraldslasvegas.net domain name in

accordance with the Temporary Restraining Order shall remain in place.

D. Plaintiff shall not be required to post an additional bond because the evidence indicates that Defendants will only suffer a minimal amount of damage due to the issuance of the preliminary injunction, if they suffer any damage at all; therefore, the present bond of $100.00 will remain in effect.

E. Plaintiff shall serve this Order upon Defendants via e-mail.

DATED this 22nd day of December, 2010.

_____
Gloria M. Navarro
United States District Judge