JOHN L. KRIEGER (Nevada Bar No. 6023)
jkrieger@lrlaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200
(702) 949-8398 fax

Attorneys for The Majestic Star Casino, LLC

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE MAJESTIC STAR CASINO, LLC, an Indiana limited liability company,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>HAMBLEDON N.V., an unknown business entity; SMART ANSWER, S.A., an unknown business entity; and SUSANA GONZALES, an individual,<br><br>　　　　　　　　Defendants. | CASE NO: 2:10-cv-01974-GMN-RJJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DEEM E-MAIL SERVICE EFFECTIVE PROCESS UNDER RULE 4 AS TO DEFENDANTS** |

UPON CONSIDERATION of the motion filed by Plaintiff, The Majestic Star Casino, LLC ("Majestic Star") to deem e-mail service effective process as to Defendants under Rule 4 of the Federal Rules of Civil Procedure, the supporting memorandum of points and authorities, the supporting declarations and evidence, the record in this case, and for other good cause shown,

THE COURT HEREBY FINDS THAT:

1.　　Majestic Star has attempted to serve Defendants in accord with Rule 4(f) of the Federal Rules of Civil Procedure, under the Convention of the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, done at the Hague ("the Hague Convention"), but was unable to effectuate service;

-1-

2. Majestic Star was able to provide Defendants with notice of the instant action via e-mail, and provide electronic copies of the complaint and summons, as well as the motion for preliminary injunction, in accord with the Court's November 12, 2010 Order.

3. Service by e-mail is an alternative means of service reasonably calculated to provide notice to Defendants, and is an internationally agreed means of service (Fed. R. Civ. P. 4(f)(1)) or, at the very least, not prohibited by international agreement (Fed. R. Civ. P. 4(f)(2)(C)(3)).

4. This Court has the authority to intervene and craft an alternative means of service under Rule 4(f) of the Federal Rules of Civil Procedure to permit service of process to be had upon elusive international defendants such as Defendants (<u>Rio Properties. Inc. v. Rio Int'l Interlink</u>, 284 F.3d 1007 (9th Cir. 2002));

5. That the e-mail service effectuated upon Defendants by Majestic Star per this Court's November 12, 2010 Order was the only method of service most likely to reach Defendants, and was reasonable under the circumstances;

6. The balance of hardships tips in favor of Majestic Star because the only address at which Defendants were able to be reached was their e-mail address, not their physical address; the nature of this case suggests that any further delay in the service of process will unnecessarily and unreasonably prejudice Majestic Star;

///
///
///
///
///
///
///
///
///

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

577559.1

1  THEREFORE, IT IS HEREBY ORDERED:

2  That the service effectuated upon Defendants by Plaintiff on November 15, 2010, shall be deemed to have been an effective means of alternative service reasonably calculated to provide the Defendants with notice of the instant action.

IT IS FURTHER ORDERED:

That service via electronic mail shall be deemed effective service for the purposes of the instant action

DATED this 14th day of March, 2011.

_____
Gloria M. Navarro
United States District Judge

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

577559.1